THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LENNY COULOMBE,

    Plaintiff,

 v.

TOTAL RENAL CARE HOLDINGS, INC.,
DAVITA, INC.,

    Defendants.

NO. CV6-504

ANSWER

## I. ANSWERS

Defendant DaVita Inc. ("DaVita") f/k/a Total Renal Care Holdings, Inc., in answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1.1 Answering paragraph 1.1 of Plaintiff's Complaint, Defendant admits that Plaintiff is a resident of the State of Washington and that he was employed by DaVita until November 28, 2005. Except as so admitted, Defendant denies the allegations contained in the paragraph.

1.2. Answering paragraph 1.2 of Plaintiff's Complaint, Defendant admits that DaVita is a foreign corporation doing business in the state of Washington, including King County. Except as so admitted, Defendant denies the remaining allegations contained in the paragraph.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

2.1     Answering paragraph 2.1 of Plaintiff's Complaint, Defendant admits that Plaintiff was hired by Total Renal Care Holdings, Inc. n/k/a Davita Inc. in August 1996. Except as so admitted, Defendant denies the allegations contained in the paragraph.

2.2     Answering paragraph 2.2 of Plaintiff's Complaint, Defendant admits the same.

2.3     Answering paragraph 2.3 of Plaintiff's Complaint, Defendant admits that Plaintiff's first position with DaVita, then known as Total Renal Care Holdings, Inc. was in the accounts receivable department. Except as so admitted, Defendant denies the allegations contained in the paragraph.

2.4     Answering paragraph 2.4 of Plaintiff's Complaint, Defendant admits that Plaintiff was paid a salary and provided with employee benefits. Defendant further admits that Plaintiff did receive discretionary bonuses at certain times during his employment. Defendant further admits that Plaintiff was granted stock options during his employment. Except as so admitted, Defendant denies the allegations contained in the paragraph.

2.5     Answering paragraph 2.5 of Plaintiff's Complaint, Defendant admits that Plaintiff was granted a stock option in April 1997 pursuant to a written stock option agreement and stock option plan. Defendant further admits that the original vesting schedule for the option shares was 25% per year on the anniversary date of the agreement. Defendant further admits that pursuant to the terms of the option agreement, no shares could vest after termination of Plaintiff's employment. Defendant further admits that under the terms of the option agreement Plaintiff was to have three months from his date of termination to exercise any then vested option shares. Except as so admitted, Defendant denies the allegations contained in the paragraph.

2.6     Answering paragraph 2.6 of Plaintiff's Complaint, Defendant admits that the expiration date for the option shares granted under the April 1997 option agreement

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

was April 2007.  Except as so admitted here, and in paragraph 2.5, above, Defendant denies the allegations contained in the paragraph.

2.7     Answering paragraph 2.7 of Plaintiff's Complaint, Defendant admits that Plaintiff was granted a stock option in 1998 for 30,000 shares, pursuant to a written stock option agreement and stock option plan.  Defendant further admits that the original vesting schedule for those option shares was 25% per year on the anniversary date of the agreement.  Defendant further admits that under the terms of the option agreement, no shares could vest after the termination of Plaintiff's employment.  Defendant further admits that under the stock option agreement Plaintiff was to have three months from his date of termination to exercise any then vested option shares.  Except as so admitted, Defendant denies the remaining allegations contained in the paragraph.

2.8     Answering paragraph 2.8 of Plaintiff's Complaint, Defendant admits that in November 2000, Plaintiff, and other DaVita executives and employees, were asked to voluntarily relinquish some of their option shares, both vested and unvested.  Defendant further admits that at that time Plaintiff was vested in three-quarters of his 1997 option shares, and one-half of his 1998 option shares.  Except as so admitted, Defendant denies the remaining allegations contained in the paragraph.

2.9     Answering paragraph 2.9 of Plaintiff's Complaint, Defendant admits that Plaintiff was an "at-will" employee at all times during his employment with DaVita.  Except as so admitted, Defendant denies the allegations in this paragraph.

2.10    Answering paragraph 2.10 of Plaintiff's Complaint, Defendant admits the same.

2.11    Answering paragraph 2.11 of Plaintiff's Complaint, Defendant admits the allegations except that Defendant denies that Plaintiff was advised on or about November 30, 2005.

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

2.12     Answering paragraph 2.12 of Plaintiff's Complaint, Defendant admits that in December 2005, Plaintiff attempted to exercise the option shares he had previously relinquished.  Except as so admitted, Defendant denies the allegations in the paragraph.

2.13     Answering paragraph 2.13 of Plaintiff's Complaint, Defendant admits that in January 2005, DaVita did not permit Plaintiff to exercise the option shares he had previously relinquished.  Except as so admitted, Defendant denies the allegations in the paragraph.

2.14     Answering paragraph 2.14 of Plaintiff's Complaint, Defendant admits that it did not permit Plaintiff to exercise certain stock options because he had relinquished those options.  Except as so admitted, Defendant denies the allegations in the paragraph.

2.15     Answering paragraph 2.15 of Plaintiff's Complaint, Defendant admits the same.

2.16     Answering paragraph 2.16 of Plaintiff's Complaint, Defendant admits that Plaintiff was promoted in 1999.  Except as so admitted, Defendant denies the allegations in the paragraph.

2.17     Answering paragraph 2.17 of Plaintiff's Complaint, Defendant admits that from approximately May 1999 through June 2002, Plaintiff reported to Jonathan Wallin.  Except as so admitted, Defendant denies the allegations in the paragraph.

2.18     Answering paragraph 2.18 of Plaintiff's Complaint, Defendant admits that during the period 1999 through 2002, Plaintiff received certain discretionary bonuses.  Except as so admitted, Defendant denies the allegations in the paragraph.

2.19     Answering paragraph 2.19 of Plaintiff's Complaint, Defendant admits that during the period 1999 through 2002, Plaintiff received certain salary increases.  Except as so admitted, Defendant denies the allegations in the paragraph.

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

2.20　Answering paragraph 2.20 of Plaintiff's Complaint, Defendant admits that in November 2002, Plaintiff began reporting to Lori Pelliccioni. Except as so admitted, Defendant denies the allegations of the paragraph.

2.21　Answering paragraph 2.21 of Plaintiff's Complaint, Defendant, based on current information and belief, lacks sufficient information to respond to the allegations contained in the paragraph, and therefore denies the same.

2.22　Answering paragraph 2.22 of Plaintiff's Complaint, Defendant, based on current information and belief, lacks sufficient information to respond to the allegations contained in the paragraph, and therefore denies the same.

2.23　Answering paragraph 2.23 of Plaintiff's Complaint, Defendant denies the same.

2.24　Answering paragraph 2.24 of Plaintiff's Complaint, Defendant admits that Plaintiff received a discretionary bonuses for certain years prior to 2004 but denies that he received a discretionary bonus for each of the seven years prior to 2004.

2.25　Answering paragraph 2.25 of Plaintiff's Complaint, Defendant admits that the only performance review of Mr. Coulombe conducted by Lori Pelliccioni reflected that Plaintiff's performance met or exceeded expectations in the identified categories. Except as so admitted, Defendant denies the allegations in the paragraph.

2.26　Answering paragraph 2.26 of Plaintiff's Complaint, Defendant, based on current information and belief, lacks sufficient information to respond to the allegations contained in the paragraph, and therefore denies the same.

2.27　Answering paragraph 2.27 of Plaintiff's Complaint, Defendant denies the same.

3.1　Answering paragraph 3.1 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

DAVITA INC.'S ANSWER (NO CV6-504) (NO. CV05-2023) - 5
[38585-0002/SL061010.200]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

3.2     Answering paragraph 3.2 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

3.3     Answering paragraph 3.3 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

3.4     Answering paragraph 3.4 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

3.5     Answering paragraph 3.5 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

3.6     Answering paragraph 3.6 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

4.1     Answering paragraph 4.1 of Plaintiff's Complaint, Defendant denies the allegations of the paragraph.

5.      Answering Plaintiff's Prayer for Relief (paragraphs 5.1-5.7), Defendant denies that plaintiff is entitled to any relief whatsoever.

## II.    DEFENSES AND AFFIRMATIVE DEFENSES

WHEREFORE, Defendant set forth the following affirmative defenses:

1.      Plaintiff fails to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, because he failed to mitigate his damages, if any.

3.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of, waiver, promissory estoppel, and equitable estoppel.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation and/or laches.

DAVITA INC.'S ANSWER (NO CV6-504) (NO. CV05-2023) - 6
[38585-0002/SL061010.200]

Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, Washington  98101-3099
Phone:  (206) 359-8000
Fax:  (206) 359-9000

5. Plaintiff abandoned the stock option agreements through his voluntary relinquishment of his rights under those agreements, thereby excusing further performance by DaVita.

6. Plaintiff voluntarily rescinded his rights under the stock option agreements through his voluntary relinquishment of those rights, thereby excusing further performance by DaVita.

7. Plaintiff waived his rights under the stock option agreements through his voluntary relinquishment of those rights, thereby excusing further performance by DaVita.

8. Plaintiff and Defendant mutually amended and modified the terms of the stock option agreements through their conduct.

10. Plaintiff's claim for recovery of exemplary damages is barred because the conduct of Defendant was not reckless, malicious, willful, or grossly negligent and because exemplary damages are not otherwise recoverable or warranted in this action.

### III. PRAYER FOR RELIEF

Having fully answered the Complaint, Defendants pray as follows:

A. That the Complaint be dismissed with prejudice;

B. That Defendant be awarded its costs and attorneys' fees; and

C. That the Court award Defendant such other and further relief as the Court deems just and equitable.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

DATED: April 17, 2006.

                                           <u>s/ James Sanders, WSBA #24565</u>
James Sanders, WSBA #24565
Brian Flock, WSBA #36919
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206-359-8000
Fax: 206-359-9000
E-mail: JSanders@perkinscoie.com

Attorneys for Defendant
DaVita Inc.

DAVITA INC.'S ANSWER (NO CV6-504) (NO. CV05-2023) - 8
[38585-0002/SL061010.200]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000

# CERTIFICATE OF SERVICE

On April 17, 2006, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

| | |
|---|---|
| David E. Breskin<br>Short Cressman & Burgess, PLLC<br>999 Third Avenue, Suite 3000<br>Seattle, WA 98104-4088<br>Attorneys for plaintiff | ___ Via hand delivery<br>___ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>_X_ Via E-filing |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED at Seattle, Washington, this 8th day of February, 2005.

s/ James Sanders
State Bar Number: 24565
Attorneys for Defendant
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Fax: (206) 359-9000
E-mail: JSanders@perkinscoie.com

DAVITA INC.'S ANSWER (NO CV6-504) (NO. CV05-2023) - 9
[38585-0002/SL061010.200]

**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, Washington 98101-3099
Phone: (206) 359-8000
Fax: (206) 359-9000