UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEONARD COULOMBE,

        Plaintiff,

   v.

TOTAL RENAL CARE HOLDINGS, INC., et al.,

        Defendants.

CASE NO. C06-504JLR

ORDER

    This matter comes before the court on Plaintiff's motion (Dkt. # 45) to reconsider the court's November 16, 2006 order (Dkt. # 40) granting summary judgment against one of Plaintiff's claims. Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and the court will ordinarily deny them unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. Because Plaintiff has not made either showing with regard to the court's ruling on this issue, the court DENIES his motion for reconsideration.

ORDER – 1

Although Plaintiff's motion points to no error, it raises an issue that the court did not consider in its prior order. In the prior order, the court held that Plaintiff could not state a claim under RCW § 49.52.070 ("Section 070"), because he had voluntarily relinquished the alleged rebate of wages to Defendant. Section 070 provides an express civil right of action for violations of RCW § 49.52.050 ("Section 050"), which is a criminal statute.

The court did not consider whether an employee seeking to bring a civil action for a violation of Section 050 can do so on a basis other than Section 070.[1] In his motion for reconsideration, Plaintiff argues that he has an implied civil right of action to seek redress for violations of Section 050. The court therefore orders as follows:

(1) The court will treat the instant motion as the opening brief in a motion for summary judgment to establish that an employee has a civil right of action under Section 050 arising either impliedly or from a source other than Section 070.

(2) Defendants shall file an opposition brief of no more than 15 pages no later than December 18, 2006.

(3) Plaintiff shall file a reply brief of no more than 8 pages no later than December 22, 2006.[2]

(4) In the event that the court finds that Plaintiff can bring a civil action to enforce Section 050, the court will consider the arguments regarding the applicability of Section 050 that the parties briefed in their prior cross-motions for summary judgment. The court had no need to reach those arguments in light of its disposition of the cross-motions.

---

[1] In its prior order, the court held that "[o]ne of the 'benefits' of Section 070 is a civil remedy for a violation of Section 050," and that Plaintiff was "as a matter of law, ineligible for that benefit." Plaintiff misconstrues the court's language to state that he cannot pursue any civil remedy for a violation of Section 050. That issue was not before the court.

[2] The court has no grinchly intent in setting this briefing schedule. The parties may stipulate to an extended briefing schedule if their holiday plans necessitate it.

ORDER – 2

For the reasons stated above, the court DENIES Plaintiff's motion for reconsideration (Dkt. # 45) and directs the clerk to enter a motion calendar noting Plaintiff's motion for partial summary judgment for December 22, 2006.

Dated this 8th day of December, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 3