1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

LEONARD COULOMBE,

12                         Plaintiff,

13          v.

14   TOTAL RENAL CARE HOLDINGS,
     INC., et al.,
15

16                         Defendants.

17

CASE NO. C06-504JLR

ORDER

18

## I.  INTRODUCTION

19
20          This matter comes before the court on motions for partial summary judgment from

21   Plaintiff Leonard Coulombe (Dkt. ## 16, 45).[1]  Having considered the parties' briefing

22   and all supporting evidence, the court DENIES Mr. Coulombe's motions.  This order

23
24   _____

25          [1]Mr. Coulombe filed the second motion in the form of a motion for reconsideration of the
     court's order of November 16, 2006 (Dkt. # 40).  The court treated his motion for reconsideration as an
26   opening brief in a second motion for partial summary judgment because it presented an issue that was
     not previously briefed by the parties nor considered by the court.
27

28   ORDER – 1

augments the court's order of November 16, 2006 (Dkt. # 40) wherein the court held in favor of Defendants on cross-motions for partial summary judgment.

## II.  BACKGROUND

Mr. Coulombe was an employee of Defendant DaVita, Inc. ("DaVita")[2] from 1996 until his termination in November 2005.  On three occasions from 1997 to 1998, DaVita awarded Mr. Coulombe stock options.  This action arises from Mr. Coulombe's relinquishment of those stock options to DaVita in November 2000.[3]

Mr. Coulombe brought this action asserting a variety of theories of relief, including a claim that DaVita's collection or receipt of his stock options violates Washington's rebate of wages or so-called anti-kickback statute, RCW § 49.52.050 ("Section 050"), and its related civil enforcement provision, RCW § 49.52.070 ("Section 070").  The parties cross-moved for partial summary judgment on DaVita's liability for violation of the anti-kickback statute (Dkt. ##16, 30).  The court granted DaVita's motion, holding that Mr. Coulombe could not recover under the civil enforcement provision, Section 070, because he knowingly relinquished his stock options.  See Order of November 16, 2006.

In a motion for reconsideration (Dkt. # 45), Mr. Coulombe raised an issue that was not previously briefed by the parties nor considered by the court: whether Washington law recognizes an implied private cause of action for damages arising from the underlying remedial criminal statute, Section 050, where a plaintiff, as here, does not satisfy the requirements of the related civil enforcement provision, Section 070.  The court construed

---

[2]Although this action names two Defendants, DaVita, Inc. and Total Renal Care Holdings, Inc., the latter is not a separate entity but rather the former name of DaVita.  The court refers to DaVita as the sole Defendant.

[3]The court declines to recite a more comprehensive factual background and incorporates by reference the background section of its order of November 16, 2006.

ORDER – 2

the motion for reconsideration as a motion for summary judgment and invited briefing on the issue. <u>See</u> Order of December 8, 2006 (Dkt. # 47).

## III.  ANALYSIS

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party. <u>Addisu v. Fred Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Once the moving party has met its burden, the opposing party must show that there is a genuine issue of fact for trial. <u>Matsushita Elect. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The opposing party must present significant and probative evidence to support its claim or defense. <u>Intel Corp. v. Hartford Accident & Indem. Co.</u>, 952 F.2d 1551, 1558 (9th Cir. 1991).  When confronted with purely legal questions, the court does not defer to the non-moving party.

**A.  Washington Courts Have Not Expressly Recognized an Implied Right of Action Under Section 050, Independent of the Remedial Provision of Section 070.**

Mr. Coulombe contends that he is entitled to pursue an implied private cause of action under subsection (1) of Section 050, arising from DaVita's receipt of Mr. Coulombe's relinquished stock options.  Section 050 is a criminal statute barring certain labor practices:

> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who
>
> (1)     Shall collect or receive from any employee a rebate of any part of wages theretofore paid by such employer to such employee; [or]

ORDER – 3

(2)   Wilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract; . . .

Shall be guilty of a misdemeanor.

RCW § 49.52.050.

A second statute, Section 070, provides a civil remedy, including exemplary damages, costs of suit, and attorneys' fees for certain violations of Section 050:

Any . . . employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

RCW § 49.52.070.

The Washington Legislature enacted both statutes in 1939. The Legislature intended subsection (1) of Section 050, the anti-kickback measure, to "prevent abuses by employers in a labor-management setting, e.g., coercing rebates from employees in order to circumvent collective bargaining agreements." Ellerman v. Centerpoint Prepress, Inc., 22 P.3d 795, 798 (Wash. 2001).

In its order of November 16, 2006, the court held that Mr. Coulombe had no claim for damages under Section 070 because he deliberately and intentionally relinquished his stock options within the "knowingly submitted" proviso of that Section. Mr. Coulombe now argues that Section 070 does not provide the sole basis for recovery under the anti-kickback measure and that he may pursue an implied right of action arising directly under Section 050. See Order of November 16, 2006.

Mr. Coulombe fails to present the court with conclusive authority to support his contention. The cases cited by Mr. Coulombe do not demonstrate that Section 050

ORDER – 4

provides a civil remedy independent of Section 070 because none of the cases directly considered that question. For example, in <u>Keenan v. Allan</u>, 889 F. Supp. 1320, 1378 (E.D. Wash. 1995), plaintiffs sought recovery of double wages and attorneys' fees under Section 070. The court in <u>Keenan</u> did not address whether there is an implied cause of action under Section 050 when recovery under Section 070 is unavailable. <u>Id</u>. Likewise, that issue was not before the court in another case cited by Mr. Coulombe, <u>Pope v. Univ. of Wash.</u>, 852 P.2d 1055, 1061-62 (Wash. 1994). The <u>Pope</u> court, in reviewing a trial court's award of double damages under Section 070, observed, "RCW 49.52.070 *creates civil liability* for violation of RCW 49.52.050, including double damages, costs, and attorney fees." <u>Id</u>. at 1061 (emphasis added). Again, the court considered the statutes in concert, not as independent bases for recovery. Finally, in <u>Chelius v. Questar v. Microsystems, Inc.</u>, 27 P.3d 681, 682 (Wash. Ct. App. 2001), the sole issue on appeal was whether plaintiffs were entitled to remedies under Section 070; the court did not consider a private cause of action arising solely under Section 050.[4]

In sum, the court is unaware of any Washington case to specifically address this issue and find an implied right of action arising under the anti-kickback provision of Section 050, independent of the remedial provision of Section 070. Even so, Mr. Coulombe is correct in observing that Washington courts have not foreclosed the existence of such an implied cause of action.

---

[4]Mr. Coulombe underscores dicta from <u>Chelius</u> wherein the court acknowledged a distinction between liability for underpaid wages and liability for double damages arising under Section 070. <u>See</u> <u>Chelius</u>, 27 P.3d at 682. Mr. Coulombe employs this language to argue that Section 070 is not the exclusive remedy for a violation of Section 050, but rather provides for exemplary damages. This argument is unavailing. The <u>Chelius</u> court's reference to a Washington employee's claim for underpaid wages as distinct from recovery under Section 070 does not support the general existence of an implied remedy under Section 050. An employer's obligation to pay wages arises from a legal basis independent of Section 050. <u>See</u> RCW § 49.52.050(2) (making it a misdemeanor to pay an employee a lower wage than the employer is "obligated" to pay by "any statute, ordinance, or contract").

ORDER – 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In the absence of any clear state law recognizing an implied right of action under Section 050, this court, sitting in diversity, is constrained to determine how a Washington court would decide the issue.  See U.S. Fidelity & Guar. Co. v. Anderson Const. Co., 260 F.2d 172, 176 (9th Cir. 1958).  The court therefore turns to the question of whether Washington courts would imply a private right of action arising under Section 050, independent of the remedial provisions of Section 070 under the facts and circumstances of this case.

**B.    Mr. Coulombe Fails to Satisfy the Test Under Washington Law for Finding an Implied Right of Action Under Section 050.**

To determine whether to imply a private cause of action arising from a remedial criminal statute, the Washington State Supreme Court in Bennett v. Hardy, 784 P.2d 1258, 1261-62 (Wash. 1990), borrowed from the familiar test employed by federal courts. Under this test, a court resolves: "first, whether the plaintiff is within the class for whose 'especial' benefit the statute was enacted; second, whether legislative intent, explicitly or implicitly, supports creating or denying a remedy; and third, whether implying a remedy is consistent with the underlying purpose of the legislation."  Id. (citing Cort v. Ash, 422 U.S. 66, 78 (1975)).  Mr. Coulombe contends that the Bennett inquiry resolves the issue in favor of finding an implied private right of action.  The court concludes otherwise.

The court initially considers whether Mr. Coulombe falls within the class of individuals the Legislature intended to protect under Section 050.  Under the terms of the statue, an employer who "collect[s] or receive[s] from any employee a rebate of any part of wages" shall be guilty of a misdemeanor.  RCW § 49.52.050.  In view of the Washington State Supreme Court's admonition that this statute must be liberally construed to advance the Legislature's intent to protect employee wages and assure payment, Schilling v. Radio Holdings, Inc., 961 P.2d 371, 375 (Wash. 1998) (internal

ORDER – 6

citation omitted), the court concludes that Mr. Coulombe, a former employee seeking to recover a rebate, falls within the class for whose especial benefit the statute was enacted.[5]

The second inquiry, whether legislative intent supports the creation or denial of an implied remedy, weighs against the finding of an implied right of action under Section 050.  Legislative intent lies at the core of the test for recognizing an implied cause of action.  The test is triggered in the first instance by an assumption that the legislature would not enact a statute granting rights to an identifiable class without enabling members of that class to enforce those rights.  See Bennett, 784 P.2d at 1261 (citing Cort, 422 U.S. at 78); see also State ex. Rel. Phillips v. Wash. State Liquor Control Bd., 369 P.2d 844, 847 (Wash. 1962) ("Courts have held that when a statute gives a new right and no specific remedy, the common law will provide a remedy.").  Under such circumstances, a court can "assume that the legislature is aware of the doctrine of implied statutory causes of action and also assume that the legislature would not enact a remedial statute granting rights to an identifiable class without enabling members of that class to enforce those rights."  Bennett, 784 P.2d at 1261 (citing McNeal v. Allen, 621 P.2d 1285, 1290 (Wash. 1980) (Brachtenbach, J. dissenting)).

First, it is not apparent that by enacting Section 050 the Legislature necessarily intended to create a new right on the part of employees within the protected class.  The court accedes to a recent statement of the Washington Supreme Court with respect to the purpose of Section 050:

---

[5]In so doing, the court declines to consider whether the Legislature intended to protect and ensure payment of stock options as wages, or whether relinquishing unexercised options constitutes a rebate under the statute.  The court need not wade into these questions given the decisive weight of the second factor of the Bennett test.

ORDER – 7

> [T]he aim or purpose of the act is to see that the employee shall realize the full amount of the wages which *by statute, ordinance, or contract he is entitled to receive from his employer, and which the employer is obligated to pay*, and, further, to see that the employee is not deprived of such right . . . ."

Schilling, 961 P.2d at 375 (emphasis added) (quoting State v. Carter, 142 P.2d 403, 407 (1943)).  Indeed, under the plain terms of the statute, the Legislature intended that Section 050 would reinforce an independent, preexisting obligation to pay wages – an obligation not created by Section 050 but arising from "statute, ordinance, or contract."  See RCW § 49.52.050.[6]

Moreover, even assuming that the Legislature intended to create a new right on the part of employees to recover relinquished wages, Washington courts generally find implied rights of action only where the legislature has provided an express right without also providing for a corresponding civil remedy.  See State ex rel. Breslin v. Todd, 113 P.2d 315, 316 (Wash. 1941) ("It is a general rule that, when a statute gives a new right and prescribes a particular remedy for its enforcement, such remedy is exclusive. . . .") (internal citations omitted), Bennett, 784 P.2d at 1261 ("The Restatement of Torts recognizes an implied right of action . . . [w]hen a legislative provision protects a class of persons . . . *but does not provide a civil remedy*.") (emphasis added); accord Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 19-20 (1979) ("[I]t is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it.") (citing Botany Mills v. United States, 278 U.S. 282, 289 (1929) ("When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode.")).  This

---

[6]The court recognizes that the statute's reference to the obligation to pay a wage by "statute, ordinance, or contract" is contained in subsection (2), rather than subsection (1), the anti-kickback provision of section 050.  See RCW § 49.52.050.  Nevertheless, in ascertaining intent from statutory language, the provision at issue must be evaluated in the context of the entire statute.  See In re Sehome Park Care Ctr., 903 P.2d 443, 445 (Wash. 1995).

ORDER – 8

1    "elemental canon of statutory construction" is an extension of "the principle that the

2    expression of one thing is the exclusion of the other."  <u>Transamerica</u>, 444 U.S. at 19.

3    Thus, where the legislature has provided an express remedy for violations of a statute, in

4    the absence of strong indicia of contrary intent, courts are compelled to conclude that the

5    legislature provided precisely the remedies it considered appropriate.  <u>Karahalios v. Nat'l</u>

6    <u>Fed'n of Fed. Employees</u>, 489 U.S. 527, 533 (1989) (internal quotations omitted).

7            At the time the Washington Legislature enacted Section 050, it prescribed a

8    specific civil remedy, Section 070.  Under the explicit terms of Section 070, the

9    Legislature chose to allow employees to recover exemplary damages, attorney's fees, and

10   costs of suit, provided that they did not knowingly rebate their wages.  <u>See</u> RCW

11   § 49.52.070 ("[T]he benefits of this section shall not be available to any employee who

12   has knowingly submitted to such violations.").  The Legislature's expression of this

13   particular limitation compels the court to conclude that the Legislature intended to allow

14   only those employees who have not knowingly rebated their wages to pursue a private

15   cause of action under the anti-kickback statute.[7]  Plaintiffs such as Mr. Coulombe, who

16   deliberately and intentionally relinquish wages, are left to sue on the underlying

17   obligation.  In this case, Mr. Coulombe alleges breach of contract and violations of other

18   provisions of Washington law, RCW § 49.48, <i>et seq</i>.  <u>See</u> Compl. at 6-7 (Dkt. # 2).

19           Third and finally, the court considers whether implying a remedy is consistent

20   with the underlying purpose of the statute.  The court concludes that creating a new

21   remedy arising directly under Section 050 would be incongruous with the terms and

22

23

24   _____

25           [7]Mr. Coulombe contends that this court should follow <u>Chu Chung v. New Silver Palace Rest.</u>,
     272 F. Supp.2d 314 (S.D.N.Y. 2003), in which the court, sitting in diversity, recognized a private right
26   of action arising under an "identical" criminal anti-kickback statute.  <u>See</u> Pl.'s Reply at 5 (Dkt. # 49).
     This case is inapposite because the statute at issue did not contain a related civil enforcement provision
27   setting forth an explicit limitation on a plaintiff's right to recovery.

28   ORDER – 9

purpose of Sections 050 and 070 of the anti-kickback statute.  Section 050 explicitly refers to an employer's obligation to pay wages arising by "statute, ordinance, or contract."  See RCW § 49.52.050.  Section 070 explicitly restricts the availability of a civil remedy to those who have not knowingly given something up to their employer.  See RCW § 49.52.070.  Contrary to Mr. Coulombe's contention, this conclusion does not lead to "absurd" results.  See Pl.'s Reply at 8.  Absent a generalized, implied right to recover under Section 050, Mr. Coulombe remains free to pursue claims under alternate theories regarding DaVita's obligation to return the stock options.  Indeed, Mr. Coulombe alleges violations of RCW § 49.48, *et seq.*, breach of contract, unjust enrichment, and quantum meruit.  See Compl. at 6-7.  The court concludes that Mr. Coulombe may not pursue an implied right of action under Section 050.

## IV.  CONCLUSION

For the reasons stated above, the court DENIES Mr. Coulombe's motions for partial summary judgment (Dkt. ## 16, 45).  This order leaves pending Mr. Coulombe's RCW § 49.48, *et seq.*, breach of contract, unjust enrichment, and quantum meruit claims.

Dated this 2nd day of February, 2007.


_____
JAMES L. ROBART
United States District Judge

ORDER – 10